IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BERNARD JERRY-EL,
    Plaintiff

    v.

LAUREL HARRY, SECRETARY OF THE
DEPARTMENT OF CORRECTIONS ("DOC"),
MELISSA HAINSWORTH, SUPERINTENDENT OF
SCI-LAUREL HIGHLANDS, DAVID PISCZEK,
UNIT MANAGER OF HB-BLOCK, JENNIFER
SCHROCK, CHCA.

*15JF*

No. 3:23-CV-92
Category #4
No Fee/No IFP **FILED**

**MAY 0 8 2023**

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

PLAINTIFF'S ORIGINAL COMPLAINT

INRODUCTION:
Plaintiff, Bernard Jerry-El, on May 2, 2023, pro se, respectfully submit
his civil rights action against the above named Defendants, and alleges the
following.

JURISDICTION

1. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and
1342 (3) and (4). The matters in controversy arise under 42 U.S.C. § 1983 and
the Eighth and Fourteenth Amendments, the Americans with Disabilities Act ("ADA")
and 2008 ("ADAAA"); 28 CFR §§ 35.104 and 2412.(d)(3); DC-ADM 006; 1.1.7;
13.8.(A) and 13.8(iv)(2), and Pa. Const. arts 1 §§ 9 and 11.

VENUE

2. Venue properly lies in this District Court pursuant to 28 U.S.C. § 1391(b)
because the events giving rise to this cause of action occurred at the State
Correctional Institution ("SCI") Laurel Highlands ("LAU") which is located
within the Western District of Pennsylvania.

3. At all times relevant to this cause of action, Plaintiff Bernard Jerry-El,
is a seventy-six year old prisoner in SCI-LAU, the only prison hospital in the
DOC.

4. At all times relevant to this cause of action, Defendant Laurel Harry ("Harry")
who receives funds from the federal government for dialysis and mental treatment
of inmates, is the Secretary of the DOC and has control over all Pennsylvania
prisons. She is responsible for the overall oversight, operations, and
administration of SCI-LAU, and its entire staff of representatives. Harry is
aiding and abetting inmates to break Pennsylvania law by selling prohibited
E-cigarettes through the prison commissary at SCI-LAU to Plaintiff's detriment.
She failed to provide Plaintiff adequate mental and medical care when she

refused to order reasonable mental and medical housing accomodations, separations, or order Plaintiff be transferred to a non-smoking block or facility to eliminate or mitigate the known harmful effects of E-cigarettes and environmental tobacco smoke ("ETS") exposure. Then ignored Plaintiff's repeated and yearly requests and pleas for treatment of ETS-related symptoms and illnesses, and justified her failure to provide treatment by claiming SCI-LAU is a non-smoking facility but does not enforce the clean indoor air act ("CIAA") passed into law by the Pennsylvania General Assembly in 2008. She was/is deliberately indifferent to DOC and federal laws, policies and practices regarding the ongoing constitutional violations ("OCV") of ETS, the duty to protect, discrimination of facilities and against Plaintiff, and she caused a state created danger, and condoned retaliation against Plaintiff for filing grievances complaining about ETS violations through her subordinates. She permitted inhumane prison conditions to exist, misrepresented the selling of E-cigarettes, and overlooked the fact that each E-cigarette lacked the warning that smoking E-cigarettes may cause cancer. Harry is being sued in her individual or official capacity for acts and omissions under the color of law. She works from her principle place of business at, 1920 Technology Parkway, Mechanicsburg, PA 17050.

5. At all times relevant to this cause of action, Defendant Melissa Hainsworth ("Hainsworth") is the Superintendent at SCI-LAU and is responsible for the overall oversight, operations (day-by-day), and administration of SCI-LAU and its staff of representatives. Hainsworth is aiding and abetting inmates to break Pennsylvania law by accepting and selling prohibited E-ciagarettes through commissary at SCI-LAU to Plaintiff's and similarly situated inmates detriment. She also selectively prosecute inmates who disobey an order by refusing to consult the surveillance cameras requested by Plaintiff in his grievances via initial review response ("IRR") or when he conferred with her on HB-Block during the month of March 2023. She also failed to provide Plaintiff adequate mental and medical care when she refused to order reasonable mental and medical housing accomodations, separations, or have Plaintiff transferred to a non-smoking block (aka A-Block) or facility for years upon request to eliminate or mitigate the known harmful effects of E-cigarette exposure; then ignored Plaintiff's repeated and yearly requests for complete and proper treatment of ETS-related illnesses, and justified her failure to provide proper treatment by claiming SCI-LAU is a non-smoking facility, but refused to have the CIAA enforced by her subordinate prison guards. She was deliberately indifferent to DOC and federal laws, policies and practices regarding

-2-

OCV of ETS, duty to protect, retaliation, inhumane prison conditions, misrepresentation of E-cigarettes as an alternate smoking device which lacked the warning on them that smoking E-cigarettes may cause cancer. Hainsworth is being sued in her individual or official capacity for acts and omissions under the color of law. She works from her principle place of business at, 5706 Glades Pike, Somerset, PA 15501.

6. At all times relevant to this cause of action, Defendant David Pisczek ("Pisczek"), he is responsible for HB-Block's overall oversight, operations, and administration of that unit and its entire staff of representatives. Pisczek failed to provide Plaintiff adequate mental and medical care when he refused to order Plaintiff be transferred to a non-smoking block or facility to eliminate or mitigate the known harmful effects of E-cigarettes and ETS exposure, then ignored Plaintiff's repeated and yearly requests for prompt treatment for his ETS-related illnesses, and justified his failure to provide proper treatment by claiming SCI-LAU is a non-smoking facility, but he refused to enforce the CIAA through his subordinate prison guards, and he selectively prosecuted inmates who disobeyed an order by refusing to consult the surveillance cameras requested by Plaintiff in his grievances, during the IRR review, and appeal to Hainsworth. They did not want to detect and fine or issue a misconduct to violators of the CIAA, so Pisczek, Hainsworth and Harry refused to review the surveillance cameras. Pisczek was/is deliberately indifferent to DOC and federal laws, policies and practices regarding the OCV of ETS violations; failed to protect Plaintiff, allowed inhumane prison conditions to exist in HB-Block while Plaintiff worked or sat in the dayroom. Pisczek is being sued in his individual or official capacity for acts and omissions under the color of law. Pisczek works from his principle place of business at, 5706 Glades Pike, Somerset, PA 15501.

7. At all times relevant to this cause of action, Defendant Jennifer Schrock ("Schrock") Corrections Health Care Administrator ("CHCA") is responsible for the overall oversight, operations and administration for the health care of inmates in SCI-LAU. She failed to provide Plaintiff with adequate mental and medical care when she refused to order Plaintiff to be transferred to a non-smoking block, aka, (A-Block) for mental and medical health care to eliminate or mitigate the known harmful effects of E-cigarettes and ETS exposure. She also ignored Plaintiff's repeated and yearly requests in the IRRs she conducted related to ETS-related illnesses, she was personally responsible for failing to provide Plaintiff proper mental and medical treatment by claiming SCI-LAU

is a non-smoking facility. She also refused to view the surveillance cameras in dialysis, as requested by Plaintiff to detect and punish CIAA violators required by law; and she refused to have no-smoking signs displayed in dialysis as requested by Plaintiff. Schrock was deliberately indifferent to DOC and federal laws, policies and practices regarding OCV and ETS violations and the ADA with amended ADA. She failed to protect Plaintiff from the ETS and, she selectively prosecuted inmates for disobeying an order not to smoke in dialysis. She retaliated against Plaintiff for filing grievances on staff members by keeping Plaintiff on D and H-Blocks in a reckless and intentional manner by subjecting him to inhumane prison conditions. Schrock works from her principle place of business at, 5706 Glades Pike, Somerset, PA 15501.

## FACTUAL ALLEGATIONS

8. On July 2, 2021, Plaintiff sent an Inmate's Request to Staff Member Pisczek, and complained about the CIAA violators, who were suppose to use the Smoking Pass, but did not in blatant violation of the CIAA. See exhibit 1.

9. Evidence of an OCV.

10. Pisczek responded July 9, 2021 claiming: "I am working this every day. Hopefully it soon stops." See exhibit 1 at staff response section.

11. On July 21, 2021, Kimani Cowley, in a verified affidavit stated: "I have been on HB Block since 2020-2021, and all I see is inmates smoking in the dayroom and cells with those vaping devices." See exhibit 2.

12. Evidence of an OCV.

13. On July 22, 2021, Plaintiff was confronted with a cloud of vaping smoke in the dayroom that made Plaintiff cough, gag, his eyes watered, and he had shortness of breath. He also claimed DOC Defendants failed to enforce the CIAA.

14. As a result, Plaintiff filed a grievance at #937420 and sought eighty-eight thousand dollars for punitive and compensatory damages. See exhibit 3.

15. On July 29, 2021, Pisczek responded to grievance #937420 and shifted the onus on Plaintiff to enforce the CIAA and be assaulted, maimed or killed by HB-Block inmates. Plaintiff countered that Pisczek should review the surveillance cameras and issue misconducts and fines to all CIAA violated. Pisczek refused to consult the surveillance cameras. See exhibit 4.

16. Plaintiff appealed Pisczek's initial review response ("IRR") to Defendant Hainsworth and she upheld the IRR denial. See exhibit 5. Then Plaintiff appealed Hainsworth's decision to Wetzel who concurred with his subordinates.

17. On July 23, 2021, Plaintiff went to dialysis to be treated for his kidney disease. At 11:41 inmate Arroyo pulled out his E-cigarette and started smoking unchecked by prison guards. Of course Plaintiff started coughing and stuff which aggravated his bronchtis.

18. As a result, Plaintiff filed grievance #937426 and sought fifty-two thousand dollars for the OCV. See exhibit 6.

19. Defendant Schrock conducted the IRR on August 12, 2021 and asked Plaintiff to snitch on the officer. Plaintiff countered that he did not want to be retaliated against by anymore prison guards, but if she was serious about determining who the officer was, to check the record and surveillance cameras. Request denied and so was Plaintiff's grievance. See exhibit 7.

20. Plaintiff appealed the IRR denial at #937426 to Hainsworth and Wetzel but they concurred with their subordinates' findings.

21. On July 26, 2021, Plaintiff went to dialysis to be treated for his kidney disease, and at 11:38 inmate Wall pulled out his E-cigarette and started smoking unchecked by prison guards while Plaintiff was coughing, gagging, his eyes began to water. The RN tried to stop Wall but he ignored her and kept on smoking.

22. As a result, Plaintiff filed grievance #938004 and sought sixteen thousand dollars for the OCV, punitive and compensatory damages. See exhibit 8.

23. Defendant Schrock conducted the IRR on August 12, 2021 and asked Plaintiff to snitch on the officer. Plaintiff countered that he did not want to be retaliated against by anymore prison guards and referred Schrock to look at the surveillance cameras and it would answer her question. She declined. See exhibit 9.

24. Plaintiff appealed the IRR denial #938004 to Hainsworth and Wetzel but they concurred with their subordinates' findings.

25. On August 2, 2021, inmate Shawn Marche, in a verified affidavit stated: "I have been on and off HB Block for years, and inmates are always smoking or vaping while in the dayroom, and the no-smoking policy is never enforced." Do see exhibit 10.

26. Evidence of an OCV.

27. On August 6, 2021, inmate Martin Panczner, in a verified affidavit stated: "In 2020 and 2021 while I was on HB Block, I witnessed inmates smoking in the dayroom, morning, noon, and night." See exhibit 11.

28. Evidence of an OCV.

29. On August 16, 2021, inmate Eric Hood, in a verified affidavit stated:in pertinent part: "and on numerous occcassions (over 8) I convinced Bernard Jerry not to commit suicide due to constantly inhaling secondhand cigarette and vaping smoke in the dayroom, near his cell at HB 17-1, and other cells." See exhibit 12.

30. Evidence that ETS unchecked caused Plaintiff to think about committing suicide to escape the toxic poison. Additionally, the ETS aggravated Plaintiff's bronchitis. Also evidence of an OCV.

31. On September 7, 2021, inmate George Happel, in a verified affidavit stated: "I, have been on HB Block with Mr. Jerry since 2019, and we counted 10 inmates smoking E-cigarettes in the dayroom on September 3, 2021. The CIAA is ignored by prison guards, especially guard Motel, who ignore smokers smoking in his face." See exhibit 13.

32. Evidence of an OCV.

33. On September 20, 2021, Plaintiff, in a verified affidavit recorded and counted approximately eight hundred or more inmates smoking in HB Block's dayroom. The period started July 10, 2021 and ended September 20, 2021. See exhibits 14 and 14A.

34. Evidence of an OCV.

35. On September 29, 2021, in a verified affidavit inmate Enrico Ivy stated: "I have been on HB Block with Mr. Jerry since 2020, and we counted 23 inmates smoking E-cigarettes in the dayroom on September 29, 2021." See exhibit 15.

36. Evidence of an OCV.

37. On 12/15/2021, Plaintiff wrote acting Secretary George Little and begged him to "Stop Selling Vaping Devices in Commissary" because "it kills and harms prisoners like me, and I've already been diagnosed with bronchitis," unquote. See exhibit 16.

38. Evidence of an OCV.

39. On December 16, 2021, Plaintiff was in the dayroom and was confronted with a lot of ambient vaping smoke which caused Plaintiff to gag, cough, and get dizzy from inhaling the poisonous ETS. During the course of the day Plaintiff counted 29 inmates smoking in the dayroom.

40. As a result, Plaintiff filed grievance #960267 and sought seventy-nine thousand dollars for the CIAA and OCV. See exhibit 17.

41. On January 13, 2022 Defendant Pisczek conducted the IRR and during the

proceeding asked Plaintiff to snitch on the prison guard in dialysis at the time. Plaintiff simply referred him to the log book and surveillance cameras to substantiate his claim. See exhibit 18.

42. Plaintiff appealed the IRR denial 960267 to Hainsworth and Wetzel, and they upheld their subordinates' decision.

43. Secretary Little delegated J. Alexander to respond to Plaintiff's request that Little stop selling E-cigarettes in PA prisons, but especially SCI-LAU. Mr. Alexander referred Plaintiff to DC-ADM 804, and refused to answer Plaintiff's question. See exhibit 19.

44. On February 14, 2022, Joshua Hernandez accosted Plaintiff in his cell and told Plaintiff that prison guard Gardner informed Hernandez that Gardner did not mind him smoking in the dayroom but inmate Jerry may snitch on him.

45. As a result, Plaintiff filed grievance #968195 and sought fifty-two thousand dollars for the threats on Plaintiff's life via gang member Hernandez by Gardner, and for the CIAA and OCV. See exhibit 20.

46. On July 12, 2022, Plaintiff "counted 25 inmates smoking E-cigarettes and blowing its poisonous vapors in the air with impunity." in HB Block's dayroom. He sought seventy-nine thousand dollars for the CIAA, OCV and to stop staff from retaliating.

47. As a result, Plaintiff filed grievance #990256 for the Eighth Amendment violation which has been ongoing since 2015. Do see exhibit 21.

48. Pisczek conducted the IRR July 29, 2022 and asked Plaintiff to snitch on the inmates. Plaintiff countered and referred Pisczek to Plaintiff's grievance request to consult the cameras for proof of CIAA violators but Pisczek denied the request for cameras review. See exhibit 22.

49. Plaintiff appealed the IRR denial #990256 to Hainsworth and she agreed with Pisczek without reviewing the surveillance to prove Plaintiff's claim.

See Hainsworth's response filed August 11, 2022 at exhibit 23.

50. Plaintiff appealed Hainsworth's denial #990256 on August 15, 2022 to the Chief Hearing Examiner who represents Wetzel. They condoned their subordinates' failure to enforce the CIAA and refusal to view surveillance cameras on HB Block at exhibit 24.

51. On July 15, 2022, in a verified affidavit inmate Wesley Massey stated: "On or about July 15, 2022 between 8 o'clock in the morning until 8:30 at night, Bernard Jerry, and I counted thirty-three inmates smoking in HB Block's dayroom." See exhibit 25.

52. Evidence of the CIAA and OCV, pursuant the Eighth Amendment.

53. On December 21, 2022, in a verified affidavit Ronald Fuller stated: "From 2012 and 2022, I witnessed hundreds of inmates smoking in the dayroom, without any interference from prison guards. See exhibit 26."

54. Evidence of the CIAA and OCV, pursuant to the Eighth Amendment.

55. On February 5, 2023, in a verified affidavit inmate Shawn Marche stated: "I have been Bernard Jerry's wheel-chair pusher for a couple of years and I persuaded him not to commit suicide to get away from the secondhand smoke he inhales each day while working or waiting to go to pill-line. See exhibit 27.

56. Evidence of the CIAA/OCV, pursuant to the Eighth Amendment. See also DC-ADM 13.8.(A) and 13.8(iv)(2).

57. Defendant Schrock's department in SCI-LAU, sent Plaintiff an Inmate Status Tracking-Medical Status Summary on December 12, 2017, which qualified Plaintiff under ADA II-2.0000 for treatment pursuant to the ADA. It states Plaintiff is Seriously Mentally Ill and on dialysis. See exhibit 28.

58. Evidence that Plaintiff has substantial limitations of a major life activity regarding a disability under the condition of "performing manual tasks, walking, respiratory and hemic" issues. See regulatory references: 28 CFR 35.104 and ADA II-2.1000.

59. On February 18, 2023, Plaintiff "counted thirty-four (34) inmates smoking E-cigarettes in the dayroom." He requested the IRR to consult the surveillance cameras and issue fines and misconducts to the CIAA violators. That does not happen in SCI-LAU.

60. As a result, Plaintiff filed grievance #1021130 and sought seventy-nine thousand dollars for the CIAA/OCV, pursuant to the Eighth Amendment. See exhibit 29.

61. Pisczek conducted the IRR March 10, 2023 and refused to review the surveillance cameras requested by Plaintiff but wanted Plaintiff to snitch on the most violent inmates in LAU and be maimed or killed. Then Pisczek denied

-8-

Plaintiff's grievance for having no evidence. See exhibit 30.

62. Plaintiff appealed the IRR denial to Hainsworth alleging: "The IRR in question is a falsification of facts because Ms. Kupchella did not speak to Appellant on 3/6/23 regarding suicide thoughts motivated by ETS." It was sent March 10, 2023. See exhibit 31.

63. Hainsworth addressed the IRR denial at #1021130 on March 15, 2023 and held: "Furthermore, to have staff scour 13 and 1/2 hours of video footage is an unreasonable expectation." Denying Plaintiff access to surveillance camera footage prevents Plaintiff from proving his CIAA violation. See exhibit 32.

64. Plaintiff appealed Hainsworth's response on March 17, 2023 and it was denied per ritual to prevent liability. See exhibit 33. However, Hainsworth's false reporting under 18 Pa.C.S. §§ 4902 through 4910.

65. On March 20, 2023, Plaintiff accosted Ms. Kupchella and asked her, did she tell Pisczek on 3/6/23 that Plaintiff refused to confer with her about his suicidal ideations? Kupchella said she "Did not" tell Pisczek that Plaintiff refused to talk to her about suicide ideations. See exhibit 34.

66. On February 23, 2023, Plaintiff wrote Governor Josh Shapiro and requested that he order "Laurel Harry to stop selling E-cigarettes in all PA state prisons because the product causes health hazards in prisoners and finally death" according to former Secretary John E. Wetzel. See exhibit 35.

67. On February 23, 2023, Plaintiff wrote Defendant Harry and stated:"Petitioner is personally appealing to your better judgment regarding the selling of E-cigarettes in all state prisons under your control." "Will you stop selling E-cigarettes in SCI-Laurel Highlands?" See exhibit 36.

68. Harry delegated W. Bowers to respond to Plaintiff's correspondence, and on March 2, 2023, he did. Claiming: 1) the DOC "complies with all policies and procedures." and; 2)"I can assure you your ideas will be given adequate review and consideration." The former statement is a falsehood. See exhibit 37.

69. On March 15, 2023, an inmate in a verified affidavit named Bryan Rotenberger stated: "I have not witnessed any inmate receiving a misconduct, or be fined for violating the non-smoking indoor policy." And he lived on HB-Block from 2022-2023. See exhibit 38.

70. On February 14, 2023, in a verified affidavit inmate Dereck Martz stated: "I have been on HB Block with Bernard Jerry from at least 2021-2023 and smoking E-cigarettes is prevalent on this block in SCI-Laurel Highlands, and the Clean Indoor Air Act has never been enforced," unquote. See exhibit 39.

71. Dereck Martz's affidavit is evidence of an-CIAA and OCV.

72. On February 18, 2023, inmate Michael Fenstermacher, in a verified affidavit stated: "I was transferred to HB-Block and on February 18, 2023, Bernard Jerry-El and I counted eighteen (18) inmates smoking in the dayroom." See exhibit 40.

73. Michael Fenstermacher's affidavit is evidence of a CIAA and OCV.

74. On March 19, 2023 at approximately 5:17 a.m., Grievant woke up in a panic because he was having a bronchitis attack based on E-cigarette smoke flowing through the ventilation system.

75. At 5:19 a.m., Grievant pushed the emergency button but prison guard Weyant. abandoned his post until 5:59, so he could not accomodate Plaintiff with prompt medical treatment, and again Plaintiff contemplated suicide to escape from the horrific dilemma.

76. As a result, Plaintiff filed grievance 1025195 for the Eighth Amendment violation which has been ongoing since 2015. See exhibit 41.

77. Per ritual the IRR and appeals to Hainsworth and Harry was/will be denied.

78. On March 30, 2023, in a verified affidavit inmate Kaurron Foster stated: "On March 30, 2023, Bernard Jerry-El and I counted thirty-two (32) inmates smoking in the dayroom from 9:34 until 8:26 at night. Both prison guards refused to enforce the no-smoking policy for indoors." See exhibit 42.

79. Kaurron Foster's affidavit is evidence of a CIAA and OCV.


## COUNT ONE: DELIBERATE INDIFFERENCE
## TO PROVIDE PROMPT MENTAL AND MEDICAL CARE

80. Plaintiff realleges and incorporates by reference his allegations in paragraphs 1 through 79 as if fully reiterated here.

81. That Harry discriminated against Plaintiff by not selling any cigarette products (E-cigarettes) in SCI-Pine Grove and SCI-Chester but sell toxic poisons to sick and ill inmates at SCI-LAU the only prison hospital in the state. For years Plaintiff begged 3 secretarys to stop selling E-cigarettes.

82. Plaintiff personally wrote to Harry, Little, and Wetzel to stop selling tobacco and E-cigarettes in SCI-LAU as exhibits 16 and 68 substantiate. He also wrote Governor Shapiro, the DOJ, and ACLU about dilemma regarding this ongoing Eighth Amendment deprivation. Defendants refused to enforce the CIAA.

83. Harry received numerous grievances over the years complaining about ETS

but few if any inmates are fined or receive misconducts for violating the CIAA
from 2013 until 2023. All DOC secretarys have a chief hearing examiner review all
letters, appeals and feign no-knowledge of them with regard to personal involvement.
84. From 2015 Plaintiff complained to Wetzel, Little and Harry to provide him
adequate mental and medical care and they failed to provide him adequate mental
and medical when they refused to order reasonable mental and medical housing
accomodations, separations, or a transfer to a non-smoking block in SCI-LAU.
85. Harry refused to transfer Plaintiff to A-Block to eliminate or mitigate the
harmful effects of ETS exposure which caused Plaintiff to be infected with
brochitis, and more importantly, ignored his mental health problems that was
aggravted by ETS which prompted thoughts of committing suicide.
86. DC-ADM 13.8.1. delivers a broad continuum of mental health services to
ensure that regardless of how major or minor the mental illness or emotional
disturbance, services are available to every inmate but not Plaintiff because
he filed too many grievances against LAU staff members from 2015 to 2023.
87. Harry is selling E-cigarettes through SCI-LAU commissary in violation of
the CIAA, passed by the Pennsylvania General Assembly in 2008. Then the DOC
at DC-ADM 1.1.7 prohibited the selling of E-cigarettes in prisons. The carrying
by a person of a lighted cigar, cigarette, pipe or other lighted smoking device.
88. An E-cigarette is a lighted smoking device. Thus, Harry is misrepresenting
the E-cigarette as "Tobacco Alternative" and violating Pennsylvania Law.
Additionally, Harry is aiding and abetting inmates to violate the law by providing
E-cigarettes to be sold in PA prisons. She knew or should know this.
89. As a result of the deliberate indifference, retaliation, cruel and unusual
punishment, non-medical staff in SCI-LAU order medical staff not to recommend an
inmate suffering from ETS for single-cell status or other reasonable housing
accomodations to mitigate the CIAA and OCV violations.
90. Plaintiff suffered the harms and damages alleged herein as a result of the
policies, practices, acts, and omissions of Harry and her subordinates in order
to acquire millions of dollars by illegally selling E-cigarettes to SCI-LAU
inmates, at Plaintiff's expense and sure to cause Plaintiff's future death.
91. Said policies, practices, acts, omissions compromised and caused violations
of Plaintiff's rights under § 1983, ADA II-3.11000 (retaliation or coercion) and
II-3.12000 (smoking); II-4.3200 (reasonable accomodation), the First, Eighth
and Fourteenth Amendments. As well as Pa.Const. 1§§1 and 9.

92. The ultimate proof of Harry's deliberate indifference to Plaintiff's ETS
violation is posited at § 63 corroborated by exhibit 32, proving that Harry
condoned Hainsworth withholding surveillance camera evidence to prevent Plaintiff
from proving inmates were smoking in the dayroom. Another due process violation.

95. Additionally, a jury can infer that § 63 and exhibit 32 is the reason why
Plaintiff could not prove Harry and Defendants deprived Plaintiff of his
constitutional rights when Defendants failed to enforce the CIAA law, and to
expose an ongoing Eighth Amendment violation. See Pa. Const. arts 1 §§ 9 and 11.

96. In 2008 Congress enacted into law the ADA Amendments Act of 2008 ("ADAAA")
the purpose of which was to broaden the definition of an ADA disability which
Harry and other DOC Defendants rejected because Plaintiff was having episodic
bouts with mental illness promoted and facilitated by ambient ETS exposure.

97. In Jerry-El v. Wetzel, No. 3:21-cv-71-KRG-KAP, Plaintiff's complained at
§ 100 cited to Plaintiff attempting suicide because he was inhaling years of ETS
and while undergoing dialysis treatment he pulled the lines and tried to bleed
to death. Plaintiff has a history of attempt suicides. Harry delayed him treatment.

98. Harry condoned her subordinates exhibition and deliberate indifference to
Plaintiff's health, mental health and well-being and safety for years by
willingly and recklessly exposing him to unreasonable and consistent amounts
of ambient ETS and justified it by claiming SCI-LAU was a non-smoking facility.

## COUNT TWO: DEFENDANTS HARRY, HAINSWORTH AND SCHROCK
## FAILED TO PROVIDE PLAINTIFF ADEQUATE MEDICAL CARE

99. Plaintiff realleges and incorporates by reference his allegations in
paragraphs 1 through 98 as if fully reiterated here.

100. Defendants Harry, Hainsworth and Schrock failed to provide Plaintiff
adequate medical care to him following Plaintiff's repeated and involuntary
exposure to unreasonable high levels of ambient ETS exposure from 2021 through
2023 knowing ETS aggravated his bronchitis and mental illness.

101. Plaintiff specifically alleges that Harry, Hainsworth and Schrock refused
to order reasonable medical housing accomodations, separations, or simply
transfer Plaintiff to A-Block in SCI-LAU or transfer him to a non-smoking
facility like SCI-Chester or SCI-Pine Grove.

102. Defendants Harry, Hainsworth and Schrock placed Plaintiff's health and
life in peril by aggravating his bronchitis and mental illness by compelling
Plaintiff to remain and work on HB-Block after constantly reading grievances,

appeals, personal letters and vis-a-vis conversations regarding CIAA and OCVs.
103. Plaintiff suffered the harms and damages alleged herein as a result of
Harry, Hainsworth and Schrock refusing to provide Plaintiff adequate medical
treatment and mental care in flagrant violation of ADAAA, ADA II-3.11000
(coercion) and ADA II-4.3200 (reasonable accomodations), DC-ADM 006, which
was the least intrusive means necessary to remedy Eighth Amendment violations.
i. :

### COUNT THREE: RETALIATION

104. Plaintiff realleges and incorporates by reference his allegations in
paragraphs 1 through 103 as if fully reiterated here.
105. Plaintiff is alleging an ongoing retaltion claim stemming from Jerry-El v.-
Wetzel, No. 3:16-cv-253-KRG-KAP, where Magistrate Judge Pesto opined that as
long as he was on the bench there was never a case of retaliation proven by an
inmate against a prison guard. See also Jerry-El v. Wetzel, No. 3:21-cv-71.
106. Plaintiff alleges that when he reported suffering adverse effects from
exposure to ambient and ETS, Defendant Schrock and Hainsworth retaliated against
him to dissuade him from filing grievances, appeals, or filing § 1983s against
SCI-LAU prison staff.
107. In retrospect Plaintiff specifically alleged Captain Nose threatened to
nag Plaintiff as long as he filed grievances against staff members on January 21,
2016. See grievance #609048 and grievance #621766.
108. In Jerry-El v. Wetzel, No. 3:16-cv-253-KRG-KAP regarding Plaintiff's Opposition
to Defendants Motion to Dismiss and Plaintiff's Cross-Motion for Summary Judgment at
§ 29 and exhibit 37, Defendant Schrock had Plaintiff moved from A-Block to H Block
"because Plaintiff was constantly grieving her staff members.
109. At the IRR interview by Schrock for grievance #938004 on August 12, 2022,
Plaintiff requested she review the surveillance cameras in dialysis to prove
inmate Wall was smoking an E-cigarette and blowing it in Plaintiff's face. She
declined to do so claiming a lack of manpower.
110. To corroborate Schrock's inaction which deprived Plaintiff of due process
of law, see § 63 herein supported by exhibit 32. A jury can infer Schrock and
Hainsworth denied Plaintiff access to the surveillance cameras because: "to have
staff scour 13 and 1/2 hours of video footage is an unreasonable expectation."
111. At the IRR interview by Schrock for grievance #937426 on August 12, 2022,
Plaintiff requested she review the surveillance cameras in dialysis to prove inmate
Arroyo was smoking an E-cigarette. Schrock declined to do so claiming a lack of

manpower.

112. To the extent that when Harry received those final appeals, she too agreed with Schrock and Hainsworth and condoned the suppression of evidence, and additionally; the due process of law, pursuant to the access of those surveillance cameras to substantiate Plaintiff's CIAA and OCV claims.

## COUNT FOUR: DUTY TO PROTECT

113. Plaintiff realleges and incorporates by reference his allegations in paragraphs 1 through 112 as if fully reiterated here.

114. Defendants Harry, Hainsworth, Schrock, and Pisczek continuously and maliciously exposed Plaintiff to ambient and ETS in violation of the concept of basic human needs, which is, reasonable safety required by Pennsylvania Consitutional Art 1§9, and the Eight and Fourteenth Amendments.

115. Harry, Hainsworth, Schrock and Pisczek compelled Plaintiff to involuntarily inhale ambient and excessive amounts of ETS for a minimum of six years, the latter 3 years in HB-Block,amounting to nineteen hundred hours at de minimis, so calculated an RN in dialysis. Defendants refused to enforce the CIAA.

116. During the ordeal Plaintiff experienced coughing, gagging, nose expelling copiuos amounts of mucus, side pain, high blood pressure, falling unconscious at times, blood clots, thoughts of committing suicide, attempts at actually committing suicide, eyes constantly watering; and being infected with bronchitis.

117. Plaintiff suffered the harms and damages alleged above as a result of Harry, Hainsworth, Schrock and Pisczek failing to perform their duty to protect Plaintiff from ambient and excessive amounts of ETS and more important, illegally selling E-cigarettes to SCI-LAU inmates prohibited by state law(s).

118. Said policies, practices, acts and omissions compromised and violated Plaintiff's rights under the color of law, pursuant to §1983, the Eighth and Fourteenth Amendments, ADAAA laws and DC-ADM 13.8.(A);8.(iv)(2) and 1.1.7, 28 CFR §§ 35.104 and 2412(d)(3) and ADA II-3.11000 (coercion).

119. All Defendants exercised deliberate indifference to Plaintiff's medical and mental health and safety when they had a duty to protect Plaintiff from ambient and excessive amounts of ETS by wantonly and recklessly refusing to move him to a smoke-free block, knowing his life and safety was at risk.

120. Harry, Hainsworth and Pisczek had a duty to protect and preserve the surveillance camera evidence so Plaintiff could prove inmates violated the CIAA

and caused a continuation of OCV under the Eight and Fourteenth Amendments
involving the unnecessary and wanton infliction of pain and retaliation.
121. The denial of surveillance cameras frustrate DC-ADM 804 (18) and the
DOC's intent which thwarts Plaintiff's and similarly situated inmates ability
to prove CIAA, OCV, or any claim that could be and should be supported by
visual evidence. Surely, a denial of material evidence.

<u>COUNT FIVE: ONGOING CONSTITUTIONAL VIOLATIONS</u>
<u>UNDER THE FIRST, EIGHTH AND FOURTEENTH AMENDMENTS</u>

122. Plaintiff realleges and incorporates by reference his allegations in
paragraphs 1 through 121 as if fully reiterated here.
123. Plaintiff is alleging an ongoing constitutional violation of his rights
under the First, Eighth and Fourteenth Amendments since 1994 when Plaintiff
filed his initial § 1983 in Jerry v. Zaborowski, No. 94-cv-01309 (W.D.Pa. 1994);
the second § 1983 at Jerry-El v. Wetzel, No. 3:16-cv-265-KRG-KAP (W.D.Pa. 2016).
124. To the extent that Plaintiff had to file a third § 1983 regarding ETS at
Jerry-El v. Wetzel, No. 3:21-cv-71-KRG-KAP (W.D.Pa. 2021); and the fourth
§ 1983 regarding ETS at Jerry-El v. Harry, et al., (unnumbered) at the time
of this filing regarding deliberate indifference to a serious medical/mental need.
125. As a result, all Defendants knew or should have known Plaintiff was
being deprived of reasonable care, and their intentional refusal to  care,
delayed Plaintiff appropriate and complete treatment for non-medical reasons,
which resulted in furthering his suffering and risk of future harm and injury.
126. Plaintiff suffered the harms and damages alleged herein as a result of the
policies, customs, acts and omissions of all Defendants in order to violate the
law and sell E-cigarettes to inmates in SCI-LAU, and in defiance of the ban on
E-cigarettes passed by the Pennsylvania General Assembly in 2008.
127. Said laws, rules, customs, acts and omissions compromised and caused all
violations of Plaintiff's rights under ADAAA (mental health) ADA II-3.11000,
(retaliation or coersion); ADA II-3.12000 (smoking); ADA II-4.3200; DC-ADM 006;
DC-ADM 1.1.7, Pa. Const. art.1§9, and the First, Eighth and Fourteenth Amendments.

<u>COUNT SIX: PERSONAL INVOLVEMENT</u>

128. Plaintiff realleges and incorporates by reference his allegations in
paragraphs 1 through 127 as if fully reiterated here.
129. Defendants Harry, Hainsworth, Schrock and Pisczek hold supervisory positions

-15-

and perpetrated CIAA and OCVs against Plaintiff and were personally involved
because he sent them letters, pleas, grievances and appeals which they read,
adjudicated, or had their representatives read them but refused to correct errors.
130. As a result of the personal involvement, all Defendants cited in this
paragraph had personal knowledge and were personally involved in the deprivations,
causing Plaintiff to daily inhale excessive amounts of ambient smoke and ETS.
131. Plaintiff chain-coughed, had burning and running eyes, a runny nose
expelling copiously amounts of muscus, experienced carpal tunnel, headaches,
side pain, blood clots, the ETS promoted and facilitated frequent thoughts of
suicide, suicide attempts while being mentally confused.

132. Plaintiff suffered the harms and damages alleged herein as a result of the
illegal law violations, policies, customs, acts and omissions of all Defendants
in order to sell prohibited E-cigarettes, and in defiance of the ban on
E-cigarettes passed by the Pennsylvania General Assembly in 2008.
133. Said laws, policies, practices, acts, customs, and omissions compromised
and caused all violations pursuant to Plaintiff's rights under the color of
law based on rights under ADAAA (mental Health); ADA II-3.11000, (retaliation
or coercion); ADA II-3.12000 (smoking); ADA II-4.3200 (reasonable accomodations);
DC-ADM 006; DC-ADM 1.1.7; Pa. Const. arts 1§9, and 1st, 8th and 14th amendments.

WHEREFORE, the Plaintiff asks the Court to enter judgment in his favor, and
against Defendants, and award Plaintiff:

a) actual, special, compensatory, incidental, consequential, and punitive
damage awards set at two million and five-hundred thousand dollars;
b) injunctive relief and immediate transfer to A-Block, room AC-11;
c) prompt and adequate mental and medical and dental care as requested;
d) stop selling E-cigarettes in all Pennsylvania state prisons; and
e) such other relief as the Court deems equitable and just.

I, Bernard Jerry-El, declare under penalty of perjury that the herein is true
and correct pursuant to 28 U.S.C. § 1746 on May 2, 2023.

Respectfully submitted,

Bernard Jerry-El

PC: BJE

-16-