IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BERNARD JERRY-EL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:23-cv-00092 |
| | ) | |
| v. | ) | |
| | ) | District Judge Robert J. Colville |
| LAUREL HARRY, MELISSA | ) | Magistrate Judge Keith A. Pesto |
| HAINSWORTH, DAVID PISCZEK and | ) | |
| JENNIFER SCHROCK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>ORDER OF COURT</u>**

Currently pending before the Court is the Report and Recommendation (ECF No. 25) filed by the Honorable Keith A. Pesto in the above-captioned matter. Judge Pesto's July 29, 2024 Report and Recommendation recommends that the Court dismiss Plaintiff's Complaint without leave to amend. Objections to the Report and Recommendation were due by August 12, 2024 and by August 15, 2024 for Unregistered ECF Users. On August 9, 2024, Plaintiff filed timely Objections (ECF No. 27) to the Report and Recommendation.

"The Federal Magistrates Act provides two separate standards of judicial review of orders on matters referred to magistrate judges." *Alarmax Distributors, Inc. v. Honeywell Int'l Inc.*, No. 2:14-cv-1527, 2015 WL 12756857, at *1 (W.D. Pa. Nov. 24, 2015) (citing 28 U.S.C. § 636(b)(1)). A district court reviews objections to a magistrate judge's decision on non-dispositive matters to determine whether any part of the order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." *Equal Employment Opportunity*

1

*Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (citing *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)).  A district court may only modify or set aside those parts of the order on non-dispositive matters that it finds to be clearly erroneous or contrary to law.  *Id.*  "A finding is 'clearly erroneous' when, 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  *Pennsylvania, Dep't of Envtl. Prot. v. Allegheny Energy, Inc.*, No. 2:05-cv-885, 2007 WL 2253554, at *1 (W.D. Pa. Aug. 3, 2007) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)).  "A magistrate judge's order is contrary to law 'when the magistrate judge has misinterpreted or misapplied the applicable law.'"  *Brandon v. Burkhart*, No. 1:16-cv-177, 2020 WL 85494, at *2 (W.D. Pa. Jan. 7, 2020) (quoting *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006)).

Objections to a magistrate judge's disposition of a dispositive matter are subject to de novo review before the district judge.  28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(3).  The reviewing district court must make a de novo determination of those portions of the magistrate judge's report and recommendation to which objections are made.  *Id.*  Following de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  The United States Court of Appeals for the Third Circuit has explained that, "even absent objections to the report and recommendation, a district court should 'afford some level of review to dispositive legal issues raised by the report,'" and has "described this level of review as 'reasoned consideration.'"  *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)).

As Judge Pesto noted, as to the objection of the Magistrate Judge's jurisdiction, if not all parties have consented to the Magistrate Judge presiding over the case, "the appropriate procedure under Section 636(b)(1)(C) is for the Magistrate Judge to issue a report and recommendation to the District Court, which is vested with the authority to dismiss the parties and enter final judgment in the matter." *Burton v. Schamp*, 25 F.4th 198, 212 (3d Cir. 2022). Judge Pesto followed his portion of that procedure, and this Court presently undertakes its obligation as dictated by the Third Circuit Court of Appeals.

Further, Plaintiff's requested remedies in his claims for injunctive relief are prohibited under the Prison Litigation Reform Act as "prospective relief," which is defined as "all relief other than compensatory money damages." 18 U.S.C.§ 3626(g)(7). Further, the claims for injunctive relief are redundant and duplicative of the claims before this Court in Plaintiff's pending action at Civil No. 3:21-00071.

Additionally, as Judge Pesto explains in greater detail in his well-reasoned Report and Recommendation, Plaintiff has failed to allege facts to show "that any defendant is aware of facts from which the inference could be drawn that [Plaintiff faces] a substantial risk of serious harm . . . [or] has in fact drawn that inference," both of which are required showings. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Accordingly, upon de novo consideration of Judge Pesto's Report and Recommendation and Plaintiff's Objection to the Report and Recommendation, and following review of all relevant docket entries, it is hereby ORDERED as follows:

The Court agrees with the thorough and well-reasoned analysis set forth in Judge Pesto's Report and Recommendation, and the Court accepts and adopts Judge Pesto's Report and Recommendation in its entirety as the opinion of the Court with respect to Plaintiff's Complaint.

Plaintiff's Objection is overruled. It is hereby further ORDERED that Plaintiff's Amended Complaint is dismissed with prejudice. It is hereby further ORDERED that Defendants' Motion to Dismiss is hereby denied as moot. The Clerk of Court shall mark this case as CLOSED.

BY THE COURT:

/s/*Robert J. Colville*_____
Robert J. Colville
United States District Judge

DATED: March 31, 2026

cc: All counsel of record

Bernard Jerry-El AP-3307
SCI Laurel Highlands
5706 Glades Pike
Somerset, Pa 15501